(70 Misc. Rep. 273.)

In re WENDOVER ATHLETIC ASS'N.

(Supreme Court, Special Term, New York County.   January, 1911.)

CORPORATIONS (§ 17*)—APPLICATION FOR INCORPORATION—SUFFICIENCY OF RE-
    CITALS.
        Under General Corporation Law (Consol. Laws, c. 23) § 4, requiring that
    the certificate must be executed by natural persons of full age, at least
    two-thirds of whom must be citizens of the United States, and one of
    them a resident of the state, an application is insufficient which does not
    contain averments by all as to each being of full age, and, secondly, by
    each of them who is a citizen, and, third, by the one who is a resident,
    together with an averment as to whether any previous application had
    been made for incorporation.
        [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 53–58; Dec.
    Dig. § 17.*]

In the matter of the application of the Wendover Athletic Associa-
tion for approval of certificate of incorporation.   Approval refused.

GOFF, J.   "A certificate of incorporation must be executed by nat-
ural persons, who must be of full age, and at least two-thirds of them
must be citizens of the United States and one of them a resident of
this state."   Embraced in this provision (General Corporation Law, §
4) are three essentials of age, citizenship and residence which are ap-
plicable to membership corporations.   It is provided by section 41 of
the membership corporations law that five or more persons may be-
come a membership corporation by making, acknowledging, and filing
a certificate stating the name, the object, the location, and the number
and names of its directors, and "such certificate shall not be filed with-
out the written approval  *  *  *  of a justice of the Supreme Court."
    It is plain that without such approval the incorporation is absolutely
ineffective.   What, then, should merit approval?   Is the presentation
of a certificate containing the bare formula prescribed by the statute
sufficient, or should there be proof of compliance with the elemental
substance of the law?   Strictly speaking, the act of approval by the
justice is not a judicial act.   It was within the power of the Legislature
to confer that authority on any ministerial officer; but, having confer-
red it on a judicial officer, it is a legitimate inference that it was so
conferred with a purpose, and that is that the judicial officer, from his
professional training and habit of thought, should apply those tests
and rules to the certificate which are applied in judicial procedure in
order to ascertain facts, as distinguished from mere assertion, and this
inference is strengthened by the nature of the circumstances.
    The Legislature has prescribed simple means by which an artificial
entity may be created, and, when created, endowed with certain pow-
ers and privileges.   What more reasonable than that, before imparting
legal life, there should be judicial scrutiny of those qualifications which
the law makes essential, and not a mere perfunctory passing on what
may be presented.   The very act of approval imports that the justice
sanctions and accepts as satisfactory the instrument which is required
by law to receive his approbation (Black, L. Dict.), and this sanction

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and acceptance cannot be given, even to a ministerial act, unless there be applied to its performance judicial tests and principles.

Adopting this rule, the certificate presented, which is typical of many, recites the desire of the incorporators to form a corporation; they being of full age, and at least two-thirds being citizens, and one a resident of the state. These are not even conclusions of fact. They are bare assumptions, without proof to support them. An illustration of their inutility is furnished by the statement regarding citizenship. It is required that there be five incorporators. How can it be determined which of them constitute the two-thirds that are citizens and which the one-third that is alien? If the term "two-thirds of five men" be taken literally, it will lead to an absurdity. In case of false or erroneous statement, it would be impossible to fix responsibility upon the individuals. Their attached acknowledgment would not aid, for that merely certifies to the execution of the paper. This equally applies to the assumption of the residence of one of the signers within the state; which one? Where a number of individuals combine for the purpose of acquiring a corporate existence, each one should assume responsibility by submitting proof of the existence of the facts required by law. This should be done by affidavit containing averments, first, by all as to each being of full age; second, by each of them who is a citizen; and, third, by the one who is a resident. There should also be an averment as to whether any previous application for incorporation has been made.

It may be pointed out that it is improper to fix a definite date for the holding of the annual meeting, as that date may fall on Sunday, and the law discountenances the use of that day for such purposes.

Approval refused, with leave, however, to renew application upon certificate supported by averments as indicated.

Ordered accordingly.